THOMAS E. MULVIHILL, ESQ. (SBN 129906)
TAMIKO A. DUNHAM, ESQ. (SBN 233455)
ROSEANNE C. LAZZAROTTO, ESQ. (SBN 251001)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897
tmulvihill@bjg.com
tdunham@bjg.com
rlazzarotto@bjg.com

Attorneys for Plaintiff AXIS SURPLUS INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AXIS SURPLUS INSURANCE COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York corporation; and EVEREST INDEMNITY INSURANCE COMPANY, a Delaware corporation,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT, EQUITABLE SUBROGATION, AND EQUITABLE CONTRIBUTION** |

COMES NOW Plaintiff AXIS SURPLUS INSURANCE COMPANY ("AXIS") and complains of defendants NAVIGATORS SPECIALTY INSURANCE COMPANY ("NAVIGATORS") and EVEREST INDEMNITY INSURANCE COMPANY ("EVEREST") as follows:

### JURISDICTIONAL ALLEGATION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §220, equitable subrogation, and equitable contribution between corporations of different states in which the

-1-

amount in controversy exceeds $75,000, exclusive of costs and interest. This Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) (1) and (c) (1).

**VENUE ALLEGATION**

2. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 (b)(2), as a substantial part of the events giving rise to the claims in this action occurred in the District, including contract delivery and anticipated performance of contract.

**GENERAL ALLEGATIONS**

3. AXIS is, and at all times relevant hereto was, a corporation in good standing, organized and existing under the laws of the State of Illinois and authorized to do business and write insurance in the State of California, with its principal place of business in Chicago, Illinois. AXIS is a citizen of the State of Illinois for the purposes of diversity jurisdiction.

4. NAVIGATORS is, and at all times relevant hereto was, a corporation in good standing, organized and existing under the laws of the State of New York, with its principal place of business in New York City, New York, and is a citizen of the State of New York for purposes of diversity jurisdiction.

5. EVEREST is, and at all times relevant hereto was, a corporation in good standing, organized under the laws of the State of Delaware, with its principal place of business in Liberty Corner, New Jersey, and is a citizen of the State of Delaware and the State of New Jersey for purposes of diversity jurisdiction.

**FACTUAL ALLEGATIONS**

6. This action for declaratory relief, equitable subrogation and equitable contribution arises out of a construction defect lawsuit filed by plaintiff The Regents of the University of California ("Regents") on or about April 8, 2011 in the Superior Court of the State of California, County of Riverside, Case No. RIC 1106018, styled *Regents of the University of California v. M-E Engineers, et al.* ("Underlying Action"). The Regents filed a First Amended Complaint in the Underlying Action on February 6, 2012. A true and correct copy of the First Amended Complaint is attached hereto as **Exhibit A** and incorporated herein by reference.

7. The First Amended Complaint alleged various design and construction defects and deficiencies and resulting damages arising out of the design and construction of an expansion of the student activities center at the Riverside campus of the University of California (the "Project.")

8. The First Amended Complaint named Saddle Corp. dba Saddleback Waterproofing ("Saddleback") as a defendant in the Underlying Action and alleged that Saddleback contracted with the Regents to install the waterproofing and pedestal paver system at the Project.

9. The First Amended Complaint in the Underlying Action alleged that Saddleback was liable to the Regents for continuous and progressive damages to the Regents' real property under theories of negligence, breach of contract, and breach of express and implied warranty.

10. AXIS is informed and believes and thereon alleges that Saddleback installed the waterproofing and pedestal paver system at the Project.

11. AXIS is informed and believes and thereon alleges that Saddleback filed a Cross-Complaint in the Underlying Action against Paver Décor Masonry, Inc. dba Alpha & Omega Pavers ("Alpha") asserting causes of action for, *inter alia*, express contractual indemnity, breach of written contract, implied contractual indemnity, and equitable indemnity arising out of Alpha's performance of services at the Project pursuant to a written construction subcontract agreement with Saddleback.

12. AXIS is informed and believes and thereon alleges that Alpha entered into a written construction subcontract agreement with Saddleback pursuant to which Alpha performed work for Saddleback at the Project ("Alpha Subcontract"). A true and correct copy of the Alpha Subcontract is attached hereto as **Exhibit B** and incorporated herein by reference.

13. AXIS is informed and believes and thereon alleges that, pursuant to the terms of the Alpha Subcontract, Alpha was required to indemnify and hold harmless Saddleback from all damages, losses or expenses, including attorneys' fees, from, *inter alia*, any claims or damages for damage to tangible property resulting from Alpha's performance of the work under the Alpha Subcontract.

14. AXIS is informed and believes and thereon alleges that, pursuant to the terms of the

-3-
Complaint for Declaratory Judgment, Equitable Subrogation, and Equitable Contribution
U.S.D.C. Central District Case No.

Alpha Subcontract, Alpha was required to have Saddleback named as an additional insured on Alpha's general liability insurance policies with respect to Alpha's work under the Alpha Subcontract.

15. AXIS insured Saddleback pursuant to two (2) general liability policies of insurance: Policy No. EAP714706-07, effective June 22, 2007 to June 22, 2008 ("First Axis Policy") and Policy No. ELP714706-08, effective June 22, 2008 to June 22, 2009 ("Second Axis Policy") (collectively, the "Axis Policies.") A true and correct copy of the First Axis Policy is attached hereto as **Exhibit C** and incorporated herein by reference. A true and correct copy of the Second Axis Policy is attached hereto as **Exhibit D** and incorporated herein by reference.

16. The Axis Policies provide, in relevant part, that AXIS will pay those sums that the insured becomes legally obligated to pay as damages because of property damage to which the Axis Policies apply, and that AXIS has the duty to defend any suit seeking such damages.

17. AXIS is informed and believes and thereon alleges that NAVIGATORS insured Alpha pursuant to three (3) general liability policies of insurance: Policy No. SF06CGL00422300, effective August 15, 2006 to August 15, 2007 ("First Navigators Policy"); Policy No. SF08CGL12414-00, effective August 15, 2008 to August 15, 2009 ("Second Navigators Policy"); and Policy No. SF SF08CGL12414-01, effective August 15, 2009 to August 15, 2010 ("Third Navigators Policy") (collectively, "Navigators Policies.") A true and correct copy of the Second Navigators Policy is attached hereto as **Exhibit E** and incorporated herein by reference. A true and correct copy of the Third Navigators Policy is attached hereto as **Exhibit F** and incorporated herein by reference.

18. AXIS is informed and believes and thereon alleges that the relevant terms and conditions of the First Navigators Policy are substantially the same as the terms and conditions of the Second and Third Navigators Policies.

19. AXIS is informed and believes and thereon alleges that the Navigators Policies provide coverage to Saddleback as an additional insured for liability arising out of Alpha's work for Saddleback at the Project. A true and correct copy of the Additional Insured Endorsement

-4-

1  naming Saddleback as an additional insured to the First Navigators Policy is attached hereto as **Exhibit G** and incorporated herein by reference.

20. AXIS is informed and believes and thereon alleges that, in light of the terms of the Axis Policies, the Navigators Policies, and the indemnity provision contained in the Alpha Subcontract, and California law articulated in the decisions in *Hartford v. Travelers* (2003) 110 Cal.App.4th 710 and *Hartford v. Mt. Hawley* (2004) 123 Cal.App.4th 278, NAVIGATORS' obligation to defend Saddleback in connection with the Underlying Action as an additional insured under the Navigators Policies is primary in relation to AXIS's obligation to defend Saddleback under the Axis Policies. As such, AXIS's obligation to defend Saddleback is excess to NAVIGATORS' defense obligation.

21. AXIS is informed and believes and thereon alleges that EVEREST insured Alpha pursuant to a general liability policy of insurance, Policy No. 5800000515-071, effective August 15, 2007 to August 15, 2008 ("Everest Policy.") A true and correct copy of the Everest Policy is attached hereto as **Exhibit H** and incorporated herein by reference.

22. AXIS is informed and believes and thereon alleges that the Everest Policy provides coverage to Saddleback as an additional insured for liability arising out of Alpha's work for Saddleback at the Project. A true and correct copy of the Additional Insured Endorsement naming Saddleback as an additional insured to the Everest Policy is attached hereto as **Exhibit I** and incorporated herein by reference.

23. AXIS is informed and believes and thereon alleges that, in light of the terms of the Axis Policies, the Everest Policy, and the indemnity provision contained in the Alpha Subcontract, and California law articulated in the decision in *Hartford v. Mt. Hawley* (2004) 123 Cal.App.4th 278, EVEREST's obligation to defend Saddleback in connection with the Underlying Action as an additional insured under the Everest Policy is primary in relation to AXIS's obligation to defend Saddleback under the Axis Policies. As such, AXIS's obligation to defend Saddleback is excess to EVEREST's defense obligation.

24. Saddleback tendered its defense and indemnity in connection with the Underlying

-5-

1  Action to AXIS under the Axis Policies.

2      25.    AXIS agreed to defend Saddleback in the Underlying Action under the Axis Policies pursuant to a reservation of rights and retained counsel to defend Saddleback.

    26.    AXIS is informed and believes and thereon alleges that Saddleback tendered its defense and indemnity in connection with the Underlying Action to NAVIGATORS based on its status as an additional insured under the Navigators Policies.

    27.    AXIS is informed and believes and thereon alleges that NAVIGATORS has not acknowledged its obligation to defend and indemnify Saddleback in connection with the Underlying Action, nor provided a defense to Saddleback, or paid for any fees, costs, or expenses incurred in defending Saddleback.

    28.    AXIS is informed and believes and thereon alleges that Saddleback tendered its defense and indemnity in connection with the Underlying Action to EVEREST based on its status as an additional insured under the Everest Policy.

    29.    AXIS is informed and believes and thereon alleges that on or about October 27, 2011, EVEREST acknowledged its obligation to defend Saddleback in the Underlying Action based on its status as an additional insured under the Everest Policy, acknowledged that its duty to defend Saddleback was "primary," and agreed to provide a defense to Saddleback through the defense counsel that AXIS previously retained to defend Saddleback in the Underlying Action.

    30.    AXIS is informed and believes and thereon alleges that once EVEREST acknowledged its obligation to defend Saddleback, EVEREST began paying for all of Saddleback's defense fees and costs incurred in the Underlying Action.

    31.    AXIS is informed and believes and thereon alleges that at some time during 2013, EVEREST stopped issuing payment for the fees and costs incurred in providing Saddleback a defense in the Underlying Action.

    32.    On or about September 17, 2014, EVEREST advised AXIS that EVEREST's position is that no coverage is afforded to Saddleback under the Everest Policy in connection with the Underlying Action, and demanded that AXIS provide Saddleback with a defense and

1  reimburse EVEREST for costs it had incurred defending Saddleback.

2      33.    AXIS is informed and believes and thereon alleges that as of October, 2014, EVEREST had not issued payment in over a year for the fees and costs incurred in providing Saddleback a defense in the Underlying Action.

    34.    On or about October 16, 2014, AXIS agreed to pay for all of Saddleback's defense fees and costs incurred from that day forward under a complete reservation of all rights to compel NAVIGATORS and EVEREST to satisfy all of Saddleback's defense fees and costs incurred in the Underlying Action.

## FIRST CAUSE OF ACTION

## (DECLARATORY JUDGMENT – AGAINST NAVIGATORS)

    35.    AXIS incorporates the allegations contained in paragraphs 1 through 34, inclusive, of this Complaint as though fully set forth herein.

    36.    AXIS asserts that NAVIGATORS is contractually obligated to provide a defense to Saddleback in connection with the Underlying Action pursuant to the terms of the Navigators Policies, and that said defense obligation of NAVIGATORS is primary, whereas AXIS's defense obligation under the Axis Policies is excess in relation to NAVIGATORS' defense obligation.

    37.    AXIS is informed and believes and thereon alleges that NAVIGATORS denies that it is contractually obligated to provide a defense to Saddleback in connection with the Underlying Action pursuant to the terms of the Navigators Policies, and that NAVIGATORS denies that its defense obligation is primary in relation to AXIS's defense obligation.

    38.    An actual controversy exists as to whether NAVIGATORS is contractually obligated to provide a defense to Saddleback in connection with the Underlying Action, and whether NAVIGATORS' defense obligation is primary in relation to AXIS's defense obligation.

    39.    AXIS desires a judicial determination with respect to the rights, duties and obligations of NAVIGATORS under the Navigators Policies, including the duty to defend Saddleback under the Navigators Policies with respect to the Underlying Action, and whether NAVIGATORS' duty to defend is primary in relation to AXIS's defense obligation under the Axis

-7-

1 Policies. Such a determination is necessary and appropriate at this time in order that AXIS may, inter alia, properly ascertain its respective rights and remedies against NAVIGATORS and others, including EVEREST.

## SECOND CAUSE OF ACTION

### (EQUITABLE SUBROGATION – AGAINST NAVIGATORS)

40.  AXIS incorporates the allegations contained in paragraphs 1 through 39, inclusive, of this Complaint as though fully set forth herein.

41.  AXIS is informed and believes and thereon alleges that the Navigators policies obligate NAVIGATORS to provide a defense to Saddleback in the Underlying Action as an additional insured, and that such defense obligation is primary in relation to AXIS's obligation pursuant to the Axis Policies to provide Saddleback a defense in the Underlying Action.

42.  AXIS is informed and believes and thereon alleges that NAVIGATORS has not retained counsel to defend Saddleback in connection with the Underlying Action, nor has NAVIGATORS paid for any fees, costs, or expenses incurred in defending Saddleback in the Underlying Action, despite its obligation to do so.

43.  AXIS is not primarily responsible for the defense of Saddleback in the Underlying Action.

44.  AXIS is providing and continues to provide a defense to Saddleback in the Underlying Action, even though NAVIGATORS and/or EVEREST are primarily responsible for providing Saddleback a defense.

45.  AXIS has provided a defense to Saddleback in the Underlying Action under a reservation of rights pursuant to the terms and conditions of the Axis Policies in order to protect AXIS's own interests, and not as a volunteer.

46.  Saddleback has an existing, valid, and assignable cause of action against NAVIGATORS for failure to provide Saddleback a defense in the Underlying Action, which Saddleback could have asserted for its own benefit had Saddleback not been provided a defense by AXIS.

47. Pursuant to the terms and conditions of the Axis Policies, and by operation of law, AXIS is the assignee of, and has become subrogated to, Saddleback's rights, remedies and causes of action, substantive and procedural, against NAVIGATORS in connection with the defense provided to Saddleback in the Underlying Action.

48. AXIS has suffered damages as a direct and proximate result of NAVIGATORS' failure to provide a defense to Saddleback in the Underlying Action as required pursuant to the Navigators Policies in an amount in excess of $75,000, the exact amount of which has yet to be ascertained.

49. AXIS is thus entitled to recover as damages all fees, costs and expenses it has paid and continues to incur in providing a defense to Saddleback in the Underlying Action.

## THIRD CAUSE OF ACTION

## (DECLARATORY JUDGMENT – AGAINST EVEREST)

50. AXIS incorporates the allegations contained in paragraphs 1 through 49, inclusive, of this Complaint as though fully set forth herein.

51. AXIS asserts that EVEREST is contractually obligated to provide a defense to Saddleback in connection with the Underlying Action pursuant to the terms of the Everest Policy, and that said defense obligation of EVEREST is primary, whereas AXIS's defense obligation under the Axis Policies is excess in relation to EVEREST's defense obligation.

52. AXIS is informed and believes and thereon alleges that EVEREST denies that it is contractually obligated to provide a defense to Saddleback in connection with the Underlying Action pursuant to the terms of the Everest Policy, and that EVEREST denies that its defense obligation is primary in relation to AXIS's defense obligation.

53. An actual controversy exists as to whether EVEREST is contractually obligated to provide a defense to Saddleback in connection with the Underlying Action, and whether EVEREST's defense obligation is primary in relation to AXIS's defense obligation.

54. AXIS desires a judicial determination with respect to the rights, duties and obligations of EVEREST under the Everest Policy, including the duty to defend Saddleback under

the Everest Policy with respect to the Underlying Action, and whether EVEREST's duty to defend is primary in relation to AXIS's defense obligation under the Axis Policies. Such a determination is necessary and appropriate at this time in order that AXIS may, inter alia, properly ascertain its respective rights and remedies against EVEREST and others, including NAVIGATORS.

## FOURTH CAUSE OF ACTION

## (EQUITABLE SUBROGATION – AGAINST EVEREST)

55. AXIS incorporates the allegations contained in paragraphs 1 through 54 inclusive, of this Complaint as though fully set forth herein.

56. AXIS is informed and believes and thereon alleges that the Everest Policy obligates EVEREST to provide a defense to Saddleback in the Underlying Action as an additional insured.

57. AXIS is informed and believes and thereon alleges that EVEREST's aforesaid defense obligation is primary in relation to AXIS's obligation pursuant to the Axis Policies to provide Saddleback a defense in the Underlying Action.

58. AXIS is informed and believes and thereon alleges that EVEREST for over a year has failed to issue payment for the fees, costs and expenses incurred in defending Saddleback in the Underlying Action, despite its obligation to provide a defense to Saddleback.

59. AXIS is not primarily responsible for the defense of Saddleback in the Underlying Action.

60. AXIS is providing and continues to provide a defense to Saddleback in the Underlying Action, even though EVEREST and/or NAVIGATORS are primarily responsible for providing Saddleback a defense.

61. AXIS has provided a defense to Saddleback in the Underlying Action under a reservation of rights pursuant to the terms and conditions of the Axis Policies in order to protect AXIS's own interests, and not as a volunteer.

62. Saddleback has an existing, valid, and assignable cause of action against EVEREST for failure to provide Saddleback a defense in the Underlying Action, which Saddleback could have asserted for its own benefit had Saddleback not been provided a defense by AXIS.

63. Pursuant to the terms and conditions of the Axis Policies, and by operation of law, AXIS is the assignee of, and has become subrogated to, Saddleback's rights, remedies and causes of action, substantive and procedural, against EVEREST in connection with the defense provided to Saddleback in the Underlying Action.

64. AXIS has suffered damages as a direct and proximate result of EVEREST's failure to provide a defense to Saddleback in the Underlying Action as required pursuant to the Everest Policy in an amount in excess of $75,000, the exact amount of which has yet to be ascertained.

65. AXIS is thus entitled to recover as damages all fees, costs and expenses it has paid and continues to incur in providing a defense to Saddleback in the Underlying Action.

## FIFTH CAUSE OF ACTION

## (EQUITABLE CONTRIBUTION – AGAINST NAVIGATORS AND EVEREST)

66. AXIS incorporates the allegations contained in paragraphs 1 through 65 inclusive, of this Complaint as though fully set forth herein.

67. If neither NAVIGATORS' defense obligation nor EVEREST's defense obligation to Saddleback in connection with the Underlying Action is primary to AXIS's defense obligation pursuant to the Axis Policies, then the obligation to defend Saddleback is a concurrent obligation of NAVIGATORS, EVEREST and AXIS, which should be equitably shared among NAVIGATORS, EVEREST and AXIS.

68. AXIS is informed and believes and thereon alleges that NAVIGATORS and EVEREST have failed to pay and continue to refuse to pay their equitable share of the cost of Saddleback's defense in the Underlying Action.

69. AXIS is informed and believes and thereon alleges that NAVIGATORS' and EVEREST's failure and refusal to pay their equitable share of the cost of Saddleback's defense in the Underlying Action has resulted in AXIS's payment of more than its equitable share of the defense costs.

70. NAVIGATORS and EVEREST have an obligation to equitably contribute towards all fees, costs, and expenses incurred to defend Saddleback in connection with the Underlying

-11-

Action.

71. AXIS desires a judicial determination and reimbursement of the equitable shares owed by NAVIGATORS and EVEREST under their respective insurance policies for the amount incurred by AXIS to defend Saddleback in connection with the Underlying Action.

72. A judicial declaration and order from this Court as to NAVIGATORS' and EVEREST's equitable shares of Saddleback's defense costs incurred in the Underlying Action is necessary and appropriate in order for AXIS to ascertain NAVIGATORS' and EVEREST's obligations and the sums owed by NAVIGATORS and EVEREST in reimbursement to AXIS.

73. AXIS contends that it is entitled to equitable reimbursement from NAVIGATORS and EVEREST for the defense fees and costs AXIS has incurred providing a defense to Saddleback in the Underlying Action, in an amount in excess of $75,000, the exact amount of which has yet to be ascertained, according to proof.

## PRAYER FOR RELIEF

WHEREFORE, AXIS prays for judgment as follows:

1. On the First Cause of Action, for a declaration that NAVIGATORS has an obligation under the Navigators Policies to provide Saddleback with a defense in connection with the Underlying Action, and that NAVIGATORS' defense obligation is primary in relation to AXIS's defense obligation under the Axis Policies;

2. On the Second Cause of Action, for an equitable order and declaration of this court, determining that NAVIGATORS owes reimbursement to AXIS for the entire amount of fees, costs, and expenses that AXIS has incurred and continues to incur in providing a defense to Saddleback in connection with the Underlying Action and the amount of such reimbursement;

3. On the Third Cause of Action, for a declaration that EVEREST has an obligation under the Everest Policy to provide Saddleback with a defense in connection with the Underlying Action, and that EVEREST's defense obligation is primary in relation to AXIS's defense obligation under the Axis Policies;

4. On the Fourth Cause of Action, for an equitable order and declaration of this court,

1  determining that EVEREST owes reimbursement to AXIS for the entire amount of fees, costs, and
2  expenses that AXIS has incurred and continues to incur in providing a defense to Saddleback in
3  connection with the Underlying Action and the amount of such reimbursement;

4      5.    On the Fifth Cause of Action, for an equitable order and declaration of this court,
5  determining the specific amounts of reimbursement owed by NAVIGATORS and EVEREST to
6  AXIS in relation to all fees, costs, and expenses incurred by AXIS in connection with the defense
7  of Saddleback in the Underlying Action.

8      6.    For AXIS's costs of suit incurred herein; and
9      7.    For all such other and further relief as the court may deem just and proper.

11  DATED: October 22, 2014        BOORNAZIAN, JENSEN & GARTHE
                                             A Professional Corporation

                                             By: _____
                                                  THOMAS E. MULVIHILL, ESQ.
                                                  TAMIKO A. DUNHAM, ESQ.
                                                  ROSEANNE C. LAZZAROTTO, ESQ.
                                                  Attorneys for Plaintiff, AXIS SURPLUS
                                                  INSURANCE COMPANY

27499\673543